**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  12a0048n.06

**Nos. 10-5109/10-5115**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jan 12, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ROBERT JOHNSON, JR., | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY, COOK, and KETHLEDGE, Circuit Judges.

**PER CURIAM.**  Defendant Robert Johnson appeals as substantively unreasonable the sentence of 320 months imposed by the district court, following Johnson's guilty pleas to charges of transportation, transfer, and possession of child pornography.  We find it necessary to vacate the sentence and remand for re-sentencing, based on the district court's decision to, in effect, "split the difference" between the guideline range recommended in the presentencing report and that proposed by the defendant, resulting in an arbitrary sentence for which no adequate rationale was stated.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2001, Johnson engaged in online communications with someone he believed to be a 14-year-old girl.  In reality, however, that individual was a special agent with the

Federal Bureau of Investigation merely posing as a teenage female. Over the course of two months, Johnson transmitted ten images of child pornography to the supposed teenager and eventually traveled to meet "her" in an agreed-upon location in order to engage in sexual activities. Upon his arrival at the designated meeting place, federal authorities arrested Johnson. He later pleaded guilty to charges of transmitting child pornography over the internet and to using a facility in interstate commerce to attempt to persuade a minor to engage in sexual activity. He ultimately received a prison sentence of 63 months for those offenses and was also sentenced to an additional two years on supervised release.

Shortly after serving his prison term and completing his period of supervised release, Johnson established online communication with a person he believed to be a 13-year-old girl. But, once again, his internet correspondent turned out to be an undercover agent, who received from the defendant numerous pornographic photographs depicting sexual acts involving young, prepubescent girls, as well as a pornographic photo and video of the defendant himself. Execution of a federal search warrant for Johnson's residence resulted in the confiscation of the defendant's computer, which contained some 500 images of child pornography.

Based upon that evidence, a federal grand jury returned a four-count indictment against Johnson, charging him with transporting child pornography in interstate commerce by computer, 18 U.S.C. § 2252A(a)(1) (count 1); using a communication facility to transfer

obscene material to a minor under the age of 16, 18 U.S.C. § 1470 (count 2); and possession of child pornography, 18 U.S.C. § 2252A(a)(5) (count 3). The indictment also sought forfeiture of all property belonging to Johnson that was "used or intended to be used to commit or to promote the commission of the offense," 18 U.S.C. § 2253(a) (count 4).

Without the benefit of a plea agreement, Johnson pleaded guilty to each of the three charged offenses and also agreed to the forfeiture count of the indictment. Because the defendant had previously been convicted of transporting child pornography, he faced statutory sentences of 15 to 40 years on count 1, 18 U.S.C. § 2252A(b)(1); up to ten years on count 2, 18 U.S.C. § 1470; and 10 to 20 years on count 3, 18 U.S.C. § 2252A(b)(2).

The United States Probation Office prepared a presentence report for the district court that assigned Johnson a criminal history category of III and a total offense level of 41. As a result, the probation officer recommended that Johnson be sentenced to a prison term of 360 months to life. Given the statutory maximum sentences for the offenses of conviction, however, Johnson actually faced a maximum United States Sentencing Guidelines sentence of 840 months rather than life, even if all three maximum prison sentences were ordered to run consecutively to each other.

At Johnson's sentencing hearing, the district judge imposed the statutory maximum sentences of 120 months for transferring obscene material to a minor less than 16 years of age, and 240 months for a second conviction involving possession of child pornography.

In assessing punishment for transporting child pornography by computer in interstate commerce, however, the district judge sentenced Johnson to 320 months in prison, a full 40 months below the Guidelines range identified in the presentence report.   He also directed that the three sentences be served concurrently and further ordered the forfeiture requested in count 4 of the indictment.   Johnson now challenges the substantive reasonableness of the prison term, contending that the district court "gave too much weight to his prior conviction" and that the sentence is "greater than necessary to comply with the purpose [of 18 U.S.C. § 3553(a)]."

**DISCUSSION**

We review a district court's imposition of a sentence for reasonableness, using the deferential abuse-of-discretion standard.  *See United States v. Pearce*, 531 F.3d 374, 384 (6th Cir. 2008).  Such review "has both a procedural and a substantive component."  *United States v. Erpenbeck*, 532 F.3d 423, 430 (6th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).  Here, however, Johnson purports to challenge only the substantive reasonableness of the 320-month sentence.

Despite the fact that the defendant couches his appellate challenge in terms of substantive reasonableness only, prior decisions of the United States Supreme Court and of this court make clear the interrelated nature of the procedural and substantive components of any sentence review.  Notably, a review for substantive reasonableness

"will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51.

But, we cannot evaluate the extent of the variance from the Guidelines range in this case because the district court never actually calculated the applicable Guidelines range. At the sentencing hearing, the defendant disputed the recommendation of the probation officer that his offense level should be increased five levels pursuant to section 2G2.2(b)(5) of the United States Sentencing Guidelines for engaging "in a pattern of activity involving the sexual abuse or exploitation of a minor." If the five-level increase were found to be applicable, Johnson faced a Guidelines sentence between 360 months and life in prison. If the increase were to be found inapplicable, however, the defendant would have faced a Guidelines sentence between 235 and 293 months, a difference of as much as ten years. Rather than resolve the dispute definitively, however, the district judge simply relied upon the following inviting logic:

> The way I would look at it to try to be fair to everyone in this case is we have [a criminal history category] that's clear, that's III. The only real question on the guidelines is the five points. So the offense level could be as low as 36 and as high as 41. If we – since it's a debatable point, if we took the mid range and made it a 38, you still have a guideline range between 292 and 365. If you took the mid range of that, it's about 320 months, which is – at which point he'll be 70 years old. To me, that's a long sentence and that's a tough sentence and a reasonable sentence. There's probably some discretion to go a little lower and certainly discretion to go higher. I think the sentence at 320 months is about – is long and reasonable.

The district judge's otherwise admirable desire to achieve fairness in sentencing Johnson is readily apparent from reading the transcript of the sentencing hearing. Unfortunately, the selection of a starting Guidelines range in this case can only be described as arbitrary. The defendant and the government could not agree on whether Johnson "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor" and, thus, whether he deserved the five-level increase called for in section 2G2.2(b)(5) of the Guidelines. Rather than resolving the factual dispute before him, the district judge simply identified a sentencing range midway between the ranges advocated by the opposing parties and then arbitrarily picked a sentence length midway between the maximum and minimum ends of that arbitrarily-selected range. Consequently, as the reviewing court, we are left to speculate as to whether the sentence selected here is an unexplained downward variance from a level-41 sentencing range or an unexplained upward variance from a level-36 range. Nor can our confusion be alleviated by operation of any rebuttable presumption. Although "we may apply a rebuttable presumption of reasonableness to sentences within the Guidelines," *United States v. Pearce*, 531 F.3d at 384, as noted above, the district court did not identify the appropriate Guidelines range in this case.

The defendant argues that the sentence imposed is substantively unreasonable in large part because "too much weight was given to § 2G2.2(b)(5)." In fact, the sentence is unreasonable because *too little* weight was given the Guidelines provision. Had the district court resolved the question of the applicability of the section in favor of Johnson, for

instance, the relevant Guidelines sentencing range would have been 235-293 months. Without question, the sentencing judge could still have increased the defendant's punishment above the 293-month maximum and imposed the same 320-month prison term. Identifying the applicable Guidelines range to include a maximum sentence well below the imposed punishment, however, would have required the court to explain in detail the reasons for the variance. By arbitrarily selecting a sentencing range that had no direct correlation to facts before the court, the sentencing judge in this case managed to avoid the explanation that would allow us to review the sentence's reasonableness.

Johnson further contends that his sentence was greater than was necessary to address the criminal activity involved. In large part, his argument is based upon his assertion that many of the enhancements that raised his sentencing range to at least level 36 are considerations that are present in almost all child pornography cases. The district judge recognized that other courts have indeed agreed that the specific offense characteristics listed in section 2G2.2 unnecessarily increase mine-run sentences for reasons almost always present in any such case or for reasons beyond the control of the individual defendant. *See, e.g.*, *United States v. Hanson*, 561 F. Supp.2d 1004 (E.D. Wis. 2008); *United States v. Burns*, No. 07 CR 556, 2009 WL 3617448 (N.D. Ill. Oct. 27, 2009). He then explained, however, that application of the section 2G2.2 enhancements are "very fact-driven" and that "part of the rationale [he has] used in other cases for sentencing less than the Guidelines has been based on the difference between what the guideline range might say and what the particular conduct was in the case in front of [him]." There is thus

no support for the argument that the district court failed to consider the possibility that Johnson's Guidelines range was artificially inflated.

The district court appropriately considered arguments that specific offense characteristics unnecessarily increased Johnson's offense level. The court did not abuse its discretion, however, in rejecting some of those contentions in light of the facts of this case. Nevertheless, the district court still failed to rule upon the applicability of one five-point enhancement and, instead, randomly increased the defendant's offense level in an effort to find a middle ground between two competing sentencing calculations. Such an approach to sentencing is not the product of reason but of happenstance and, unfortunately, short-circuits every other discussion regarding the reasonableness of the sentence in this case.

## CONCLUSION

For the reasons set out above, we cannot conclude that the sentence imposed upon the defendant was reasonable. We therefore VACATE Johnson's sentence and REMAND this matter to the district court for resentencing.