**NOT RECOMMENDED FOR PUBLICATION**

File Name: 13a0320n.06

No. 12-5372

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Apr 01, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ROBERT T. JOHNSON JR., | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN, SILER, and DONALD, Circuit Judges.

**PER CURIAM.** In 2009, Appellant Robert T. Johnson Jr. pled guilty to charges of possessing and transmitting child pornography. He appeals, arguing that the district court resentenced him vindictively. For the following reasons, we affirm.

## I. BACKGROUND

In 2001, Johnson began communicating online with an individual he believed to be a 14-year-old girl. In reality, that person was an FBI agent posing as an underage female. Over a two-month period, Johnson sent the "girl" multiple images of child pornography and arranged a meeting for the two to engage in sexual activity. Upon his arrival at the designated meeting place, federal authorities arrested Johnson. He subsequently pled guilty to charges of transmitting child pornography and using a facility in interstate commerce to attempt to persuade a minor to engage in

sexual activity.  Johnson was sentenced to 63 months in prison followed by two years of supervised release.

Shortly after completing his prison term and period of supervised release, Johnson began communicating online with another individual he believed to be a 13-year-old girl.  Once again, the individual turned out to be an undercover agent.  Johnson sent the agent numerous pornographic images featuring children.  Execution of a federal search warrant for Johnson's home resulted in the seizure of Johnson's computer, which contained some 500 images of child pornography.  Based on that evidence, Johnson was indicted for transporting child pornography in interstate commerce by computer, 18 U.S.C. § 2252A(a)(1); using a communication facility to transfer obscene material to a minor under the age of sixteen, 18 U.S.C. § 1470; and possession of child pornography, 18 U.S.C. § 2252A(a)(5).  He pled guilty to each of the charged offenses.  Because he had a prior conviction for transporting child pornography, he faced statutory sentences of 15 to 40 years on count one, up to 10 years on count two, and 10 to 20 years on count three.

The presentence report ("PSR") assigned Johnson a criminal history category of III and a total offense level of 41, and recommended that he be sentenced to a prison term of 360 months to life.  At sentencing, the district court imposed the statutory maximum sentence of 120 months for transferring obscene material to a minor less than 16 years of age and 240 months for a second conviction involving possession of child pornography.  In determining the punishment for transporting child pornography in interstate commerce, however, the court sentenced Johnson to 320 months in prison, 40 months below the Guidelines range identified in the PSR.  It directed that the three sentences be served concurrently.

Johnson appealed to this court, challenging the substantive reasonableness of his prison term. In reviewing Johnson's sentence, we noted that one component of substantive reasonableness is addressing "any variance from the Guidelines range." *United States v. Johnson,* 446 F. App'x 798, 800 (6th Cir. 2012) (unpublished opinion) (quoting *Gall v. United States,* 552 U.S. 38, 51 (2007)). The PSR recommended that Johnson's offense level of 36 be increased five levels pursuant to USSG § 2G2.2(b)(5) for engaging "in a pattern of activity involving the sexual abuse or exploitation of a minor." If the five-level increase were applicable, Johnson would have been assigned an offense level of 41 and a Guidelines sentence of 360 months to life in prison. If the increase were inapplicable, Johnson would have faced a Guidelines sentence of only 235 to 293 months. Johnson objected to the five-level increase, arguing that he had not engaged in a pattern of activity contemplated by § 2G2.2(b)(5). Rather than making an explicit ruling upon the applicability of the five-level increase, however, the court compromised and assigned an offense level of 38. Based on the assigned offense level, it was unclear whether the selected sentence was the result of a downward variance from a level-41 sentencing range or an upward variance from a level-36 range. Because of this ambiguity, we remanded the matter to the district court for resentencing.

On remand, the district court applied the five-level increase, pursuant to USSG § 2G2.2(b)(5). Johnson was resentenced to 360 months imprisonment–40 months more than originally imposed. He appeals that sentence as being vindictive and substantively unreasonable.

## II. ANALYSIS

Generally, we review constitutional challenges to sentences *de novo. See United States v. Rodgers,* 278 F.3d 599, 602 (6th Cir. 2002). Because Johnson failed to raise vindictiveness at his

resentencing hearing, however, plain error review applies. *See United States v. Hart,* 635 F.3d 850, 858 (6th Cir. 2011).

While a trial court is free to impose a higher sentence upon remand, a sentence based on vindictiveness violates a defendant's due process rights. *Alabama v. Smith,* 490 U.S. 794, 798-99 (1989). To ensure that the higher sentence is properly motivated, a rebuttable presumption of vindictiveness applies when, as here, a sentence after remand is higher than that originally imposed. *Id.* We must ask whether it is more likely than not that the judge who imposed the higher sentence was motivated by vindictiveness. *See id.* at 801-02. Here, it is apparent from the record that the district judge relied on our remand order and objective information regarding Johnson's conduct in fashioning Johnson's sentence.

The district court, in compliance with our remand order, reexamined its decision with respect to the five-level enhancement. As an initial matter, the court determined that the five-level enhancement applied because Johnson's two child pornography convictions constituted a pattern for purposes of USSG § 2G2.2(b)(5). It described the other factors that necessitated application of the enhancement, namely, the seriousness of Johnson's conduct and the strong likelihood of recidivism. Because no factors under 18 U.S.C. § 3553 justified a downward departure or variance from the Guidelines range, it felt compelled to sentence Johnson to 360 months imprisonment. While the possibility of vindictiveness is not to be taken lightly, in this case the presumption has been overcome. *See Texas v. McCullough,* 475 U.S. 134, 141-42 (1986). As a result, the district court did not plainly err in sentencing Johnson to 360 months imprisonment upon remand.

Finally, Johnson argues that, because his sentence was the result of vindictiveness, it was substantively unreasonable. He also contends that it is arbitrary and greater than necessary to accomplish the purposes of § 3553(a)(2). We apply a presumption of reasonableness to sentences within the Guidelines range. *See Rita v. United States,* 551 U.S. 338, 347 (2007). Johnson has failed to identify any basis for rebutting that presumption.

**AFFIRMED.**