*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0123p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
　　　　　　　　　*Plaintiff-Appellee*,

　*v.*

No. 12-5372

ROBERT T. JOHNSON, JR.,
　　　　　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:09-cr-00042—John G. Heyburn II, District Judge.

Argued: November 29, 2012

Decided and Filed:  May 3, 2013

Before:  MARTIN, SILER, and DONALD, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Frank W. Heft, Jr., OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellant.  Terry M. Cushing, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee. **ON BRIEF:** Frank W. Heft, Jr., OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellant.  Monica Wheatley, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

　　　SILER, J., delivered the opinion of the court, in which, MARTIN, J., joined, and DONALD, J., joined in the result.  DONALD, J. (pp. 6–8), delivered a separate opinion, concurring in the judgment.

1

———————————

**OPINION**

———————————

SILER, Circuit Judge.  In 2009, Appellant Robert T. Johnson Jr. pled guilty to charges of possessing and transmitting child pornography.  He appeals, arguing that the district court resentenced him vindictively.  For the following reasons, we affirm.

## I.  BACKGROUND

In 2001, Johnson began communicating online with an individual he believed to be a 14-year-old girl.  In reality, that person was an FBI agent posing as an underage female.  Over a two-month period, Johnson sent the "girl" multiple images of child pornography and arranged a meeting for the two to engage in sexual activity.  Upon his arrival at the designated meeting place, federal authorities arrested Johnson.  He subsequently pled guilty to charges of transmitting child pornography and using a facility in interstate commerce to attempt to persuade a minor to engage in sexual activity.  Johnson was sentenced to 63 months in prison followed by two years of supervised release.

Shortly after completing his prison term and period of supervised release, Johnson began communicating online with another individual he believed to be a 13-year-old girl.  Once again, the individual turned out to be an undercover agent. Johnson sent the agent numerous pornographic images featuring children. Execution of a federal search warrant for Johnson's home resulted in the seizure of Johnson's computer, which contained some 500 images of child pornography.  Based on that evidence, Johnson was indicted for transporting child pornography in interstate commerce by computer, 18 U.S.C. § 2252A(a)(1); using a communication facility to transfer obscene material to a minor under the age of sixteen, 18 U.S.C. § 1470; and possession of child pornography, 18 U.S.C. § 2252A(a)(5).  He pled guilty to each of the charged offenses.  Because he had a prior conviction for transporting child pornography,

he faced statutory sentences of 15 to 40 years on count one, up to 10 years on count two, and 10 to 20 years on count three.

The presentence report ("PSR") assigned Johnson a criminal history category of III and a total offense level of 41, and recommended that he be sentenced to a prison term of 360 months to life. At sentencing, the district court imposed the statutory maximum sentence of 120 months for transferring obscene material to a minor less than 16 years of age and 240 months for a second conviction involving possession of child pornography. In determining the punishment for transporting child pornography in interstate commerce, however, the court sentenced Johnson to 320 months in prison, 40 months below the Guidelines range identified in the PSR. It directed that the three sentences be served concurrently.

Johnson appealed to this court, challenging the substantive reasonableness of his prison term. In reviewing Johnson's sentence, we noted that one component of substantive reasonableness is addressing "any variance from the Guidelines range." *United States v. Johnson,* 446 F. App'x 798, 800 (6th Cir. 2012) (unpublished opinion) (quoting *Gall v. United States,* 552 U.S. 38, 51 (2007)). The PSR recommended that Johnson's offense level of 36 be increased five levels pursuant to USSG § 2G2.2(b)(5) for engaging "in a pattern of activity involving the sexual abuse or exploitation of a minor." If the five-level increase were applicable, Johnson would have been assigned an offense level of 41 and a Guidelines sentence of 360 months to life in prison. If the increase were inapplicable, Johnson would have faced a Guidelines sentence of only 235 to 293 months. Johnson objected to the five-level increase, arguing that he had not engaged in a pattern of activity contemplated by § 2G2.2(b)(5). Rather than making an explicit ruling upon the applicability of the five-level increase, however, the court compromised and assigned an offense level of 38. Based on the assigned offense level, it was unclear whether the selected sentence was the result of a downward variance from a level-41 sentencing range or an upward variance from a level-36 range. Because of this ambiguity, we remanded the matter to the district court for resentencing.

On remand, the district court applied the five-level increase, pursuant to USSG § 2G2.2(b)(5).  Johnson was resentenced to 360 months imprisonment–40 months more than originally imposed.  He appeals that sentence as being vindictive and substantively unreasonable.

## II.   ANALYSIS

Generally, we review constitutional challenges to sentences *de novo.  See United States v. Rodgers,* 278 F.3d 599, 602 (6th Cir. 2002).  Because Johnson failed to raise vindictiveness at his resentencing hearing, however, plain error review applies.  *See United States v. Hart,* 635 F.3d 850, 858 (6th Cir. 2011).

While a trial court is free to impose a higher sentence upon remand, a sentence based on vindictiveness violates a defendant's due process rights.  *Alabama v. Smith,* 490 U.S. 794, 798-99 (1989).  To ensure that the higher sentence is properly motivated, a rebuttable presumption of vindictiveness applies when, as here, a sentence after remand is higher than that originally imposed. *Id.*  We must ask whether it is more likely than not that the judge who imposed the higher sentence was motivated by vindictiveness. *See id.* at 801-02.  Here, it is apparent from the record that the district judge relied on our remand order and objective information regarding Johnson's conduct in fashioning Johnson's sentence.

The district court, in compliance with our remand order, reexamined its decision with respect to the five-level enhancement.  As an initial matter, the court determined that the five-level enhancement applied because Johnson's two child pornography convictions constituted a pattern for purposes of USSG § 2G2.2(b)(5).  It described the other factors that necessitated application of the enhancement, namely, the seriousness of Johnson's conduct and the strong likelihood of recidivism.  Because no factors under 18 U.S.C. § 3553 justified a downward departure or variance from the Guidelines range, it felt compelled to sentence Johnson to 360 months imprisonment.  While the possibility of vindictiveness is not to be taken lightly, in this case the presumption has been overcome.  *See Texas v. McCullough,* 475 U.S. 134, 141-42 (1986).  As a result, the

district court did not plainly err in sentencing Johnson to 360 months imprisonment upon remand.

Finally, Johnson argues that, because his sentence was the result of vindictiveness, it was substantively unreasonable. He also contends that it is arbitrary and greater than necessary to accomplish the purposes of § 3553(a)(2). We apply a presumption of reasonableness to sentences within the Guidelines range. *See Rita v. United States,* 551 U.S. 338, 347 (2007). Johnson has failed to identify any basis for rebutting that presumption.

**AFFIRMED.**

---

**CONCURRENCE IN THE JUDGMENT**

---

BERNICE B. DONALD, Circuit Judge, concurring in the judgment.  I concur in the majority's decision to affirm the district court's imposition of a higher sentence on remand.  However, because I disagree with the majority's decision to apply the plain error standard of review, I write separately.

Plain error review is reserved for situations in which the appellant did not preserve an issue for appeal by raising the claim below.  *See e.g.*, *United States v. Mayberry*, 540 F.3d 506, 512 (6th Cir. 2008).  Although the parties dispute whether the issue was preserved, the majority opinion, without any analysis, states that "[b]ecause Johnson failed to raise vindictiveness at his resentencing hearing, however, plain error review applies."  I do not agree that Johnson failed to preserve the issue presented for appeal.

During the resentencing hearing, Johnson's counsel sought a fifteen year sentence on the grounds that the sentencing enhancement under U.S.S.G. § 2G2.2(b)(5) does not apply and that the 18 U.S.C. § 3553 factors indicated a downward departure.  When the court did not accept these arguments, counsel said "[w]ell, we would certainly ask you not to impose 40 months more than you did the first time he was in front of you . . . because originally you sentenced him to 320 months."  The court responded by considering how the sentencing enhancement changed the Guidelines calculation.  Again, counsel addressed the disparity between the two sentences, noting that nothing had changed and that the judge previously stated that 320 months was a "long sentence."  Soon after, counsel said, "I just want to be sure our objections are noted for the record on the enhancement and also," but the remaining comment was cut off by questions concerning the enhancement.  After a brief discussion on the enhancement, the court asked, "Any other objections other than what has already been stated?" and counsel responded, "No."  In my view, counsel clearly preserved Johnson's claim that the court unreasonably imposed a higher sentence on remand.

I see no reason why we would require the word "vindictiveness" in the present context, as the majority opinion implies. I believe the majority errs concerning the difference between the claim itself and the legal presumptions this court uses to review such claims. When district courts resentence defendants on remand, there is such a high risk of improper motivation that the Supreme Court has imposed a presumption of vindictiveness to situations where the same judge is asked to "do[] over what it thought it had already done correctly" and chooses a higher sentence than it did the first time. *Alabama v. Smith,* 490 U.S. 794, 798-802 (1989) (internal quotations omitted). The claim Johnson makes, then, is that the district court improperly imposed a higher sentence on remand; "vindictiveness" is the legal presumption we use to review the claim. We do not require defendants to mention our presumptions in other contexts in order to preserve a claim. For example, if a habeas petitioner argues that trial counsel did not call an alibi witness, we do not require the defendant to mention the presumption of attorney effectiveness to preserve the right to appeal. Likewise, if a criminal defendant argues at sentencing that the district court should impose a different sentence, we do not require the defendant to mention the presumption of reasonableness for within Guidelines sentences.

We have also warned that "[t]he preservation of constitutional objections should not rest on magic words." *United States v. Humphrey*, 287 F.3d 422, 445 (6th Cir. 2002) *overruled on other grounds in United States v. Leachman*, 309 F.3d 377, 381-83 (6th Cir. 2002). In *Humphrey*, we found that counsel preserved an *Apprendi* issue without uttering the word "Apprendi" merely by objecting to the drug quantity calculation and the standard of evidence used. *Id*. at 445. We have come to similar conclusions in other situations. *E.g.*, *United States v. Strayhorn*, 250 F.3d 462, 467 (6th Cir. 2001), *overruled on other grounds in Leachman*, 309 F.3d at 381-83 ("Although [the defendant] did not utter the words 'due process' at [the sentencing hearing], he made it well known that he disputed the district court's factual finding with respect to drug quantity."). Likewise, in the present case, Johnson's counsel made it well known that Johnson objected to receiving a higher sentence on remand, whether or not counsel uttered the magic word "vindictiveness."

To be clear, I do not suggest that a defendant may preserve an issue with no specificity whatsoever. When an objection is too generic to apprise the district court of its substance such that the court has no opportunity to correct the purported error, the issue has not been preserved. *United States v. Simmons*, 587 F.3d 348, 358 (6th Cir. 2009). In *Simmons*, for example, when the district court asked if there were any objections, counsel responded "Your Honor, I object just for the record for the procedural, substantive aspects." *Id*. at 355. This was too general to alert the court of the defendant's claims that the judge failed to consider whether drug treatment would be available or that the court failed to address the defendant's pre-sentencing arguments that disparate treatment between powder and crack cocaine warranted a downward departure. *Id*. at 355-58. The objection in *Simmons* was far more generic than the one here and even with that level of generality, one judge dissented that it was sufficient to preserve the issue because it brought the "procedural issues" to the court's attention. *Id*. at 368 (Clay, J., dissenting).

The Supreme Court has also indicated that the context and "sequence of events" in which a party raises or fails to raise an objection are relevant to our determination of whether an issue is preserved for appeal. *See Osborne v. Ohio*, 495 U.S. 103, 123-25 (1990). Here, the district court was aware of the objection to a longer sentence on remand and responded with thoughts on what justified the increase, which is exactly what the court would have done had the objection been more specific. If the purpose of plain error doctrine is to allow the district court to correct any error, it had sufficient opportunity to do so.

I would apply the de novo standard we normally use for constitutional challenges to sentences. *See United States v. Rodgers*, 278 F.3d 599, 602 (6th Cir. 2002). Even under de novo review, however, Johnson's claim fails because the district court's determination that the U.S.S.G. § 2G2.2(b)(5) sentencing enhancement applies was sufficient to overcome the presumption of vindictiveness. *See Alabama v. Smith*, 490 U.S. at 799. Therefore, I concur in the judgment.