NOT RECOMMENDED FOR FULL-TEXT PUBLICATON
File Name: 14a0191n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 12, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,             )
                                      )
         **Plaintiff-Appellee,**      )          ON APPEAL FROM THE
                                      )          UNITED STATES DISTRICT
v.                                    )          COURT FOR THE NORTHERN
                                      )          DISTRICT OF OHIO
MARCO ANTONIO FLORES-MIDENCE,         )
                                      )
         **Defendant-Appellant.**     )          **OPINION**
                                      )

Before: MERRITT, MOORE, and CLAY, Circuit Judges.

KAREN NELSON MOORE, Circuit Judge.   Marco Antonio Flores-Midence appeals his sentence of fifty-seven months in prison following his plea of guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326.  He argues that his sentence is unreasonable because the district court failed to consider adequately his ignorance and confusion as to the consequences of illegal reentry when it denied his request for a downward variance from the Guidelines range.  For the following reasons, we **AFFIRM** the judgment of the district court.

Flores-Midence is a citizen of Honduras who moved with his family to the Los Angeles, California area when he was fourteen years old.  Presentence Report ("PSR") ¶ 57.  Since that time, he has alternated between living in the United States with his mother, who became a citizen, and Honduras with his father or grandmother.  *Id.* ¶¶ 58–59.  Flores-Midence has been deported at least four times, and each time he returned to the United States without receiving permission from the appropriate authorities.  R. 38 (Sentencing Hr'g Tr. at 19) (Page ID #155).

During his time living in the United States, Flores-Midence has been arrested and convicted many times for misdemeanor offenses, such as drinking in public, driving on a suspended license, and driving under the influence. PSR ¶¶ 27–45. In addition to his extensive misdemeanor record, in 2007 Flores-Midence was convicted of possession of a controlled substance for sale, an aggravated felony. *Id.* ¶ 35. On January 24, 2008, he was deported for the third time following this felony conviction. R. 7 (Indictment) (Page ID #13).

On September 12, 2012, immigration officials took Flores-Midence into custody after an arrest on unrelated charges. R. 37 (Change of Plea Hr'g Tr. at 19) (Page ID #133). A grand jury indicted Flores-Midence for illegally reentering the country after previously being deported subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326. R. 7 (Indictment) (Page ID #13–14). On March 20, 2013, Flores-Midence pleaded guilty. R. 17 (Change of Plea Minute Entry) (Page ID #46).

At sentencing, the district court determined that Flores-Midence's offense level was 24 and that his prior conduct placed him in Criminal History Category V, resulting in a Guidelines range of 70 to 87 months. Flores-Midence requested two changes. First, he asked for a downward departure because his criminal history category significantly overstated the seriousness of his past criminal activity. R. 38 (Sentencing Hr'g Tr. at 8–9) (Page ID #144–45). Second, he asked for a downward variance from the offense level because he "truly was ignoran[t] of the law" and of the potentially serious penalties that attach to illegal reentry. *Id.* at 9–10 (Page ID #145–46). Flores-Midence argued that his primary language is Spanish and that he sometimes has difficulty understanding written English. *Id.* He also claimed that he had no

means of knowing that he would face significant time in prison if he reentered the country: the immigration officer who had previously deported him did not warn him of the applicable penalties and his own experience did not place him on notice because after each of his previous removals he was simply detained and deported. *Id.* at 10–12 (Page ID #146–48). Flores-Midence's counsel further argued that "had he had any inkling that he was facing this kind of time, he certainly would have either come in here under proper authority or stayed in Honduras." *Id.* at 10–11 (Page ID #146–47). Speaking on his own behalf, Flores-Midence promised: "If I get deported again, I will not risk coming back to this country. It is a risk to travel through Mexico to come to this country. I did it because I didn't know." *Id.* at 12 (Page ID #148).

The district court considered both of Flores-Midence's arguments. The district court granted his request for a downward departure based upon his criminal history and placed him in Criminal History Category IV. *Id.* at 19–20 (Page ID #155–56). However, after considering Flores-Midence's arguments for a downward variance from the offense level, the district court concluded that the arguments were not "compelling" and declined to vary from the Guidelines. *Id.* at 20 (Page ID #156). First, the district court found that Flores-Midence was not truly ignorant of the consequences of returning to the United States without the proper approval: "Your mother apparently was a citizen, and so you are somewhat familiar with the United States. You didn't just come here. You understood, from what I can tell, citizenship, and you understood if you were not a citizen what some of the consequences might be." *Id.* at 18 (Page ID #154). The district court also considered Flores-Midence's proficiency with English and concluded: "I think you understood things well enough based on the record I have in front of me

3

that you weren't that naïve about the circumstances that you were facing. You were just willing

to take a chance." *Id.* at 20 (Page ID #156).

The district court next considered the need to deter Flores-Midence from reentering the

country in the future. The court reasoned that his pattern of illegal reentries was evidence that

Flores-Midence was "acting as if there was really no possible penalty" for reentering the country

illegally. *Id.* at 19 (Page ID #155). The court elaborated:

> You just can't keep coming back across the border like that. You can't
> just keep coming back in. You can't do it. And the sentence I'm supposed to
> give you is supposed to help with that. I'm supposed to put on a sentence, as I
> said before, that deters you, something that would cause you to say look, I'm not
> going back over there, because if I do, I could be spending my life in jail.
> I know you are saying now that you are not going to come back, but I
> think we need something stiffer. It has to protect the public from further crimes.

*Id.* at 22–23 (Page ID #158–59). After reducing Flores-Midence's criminal history category, the

district court calculated the appropriate Guidelines range as 57 to 71 months. The court

sentenced Flores-Midence to 57 months of imprisonment, the bottom of the Guidelines range,

noting that "[i]t is a pretty stiff sentence" but concluding that the sentence was necessary to deter

Flores-Midence from continuing to reenter the country and to protect the American public from

further crimes. *Id.* at 22–23 (Page ID #158–59).

Flores-Midence's counsel lodged a final objection to the district court's refusal to vary

downward based on Flores-Midence's background and character, as permitted by 18 U.S.C.

§ 3661. He rested his objection on the "belie[f] that those things [Flores-Midence's background

and character] ought to have been considered differently than the Court considered it." *Id.* at 28

(Page ID #164). The district court responded to the objection as follows:

> I have considered his background factors. I have read the pre-sentence investigation report, and I adopt the findings of the report as my own in regard to his background and circumstances, and I simply did not find in reading that and even in hearing the arguments of the parties any information which suggested that there were any special factors that would warrant a variance.

*Id.* at 29 (Page ID #165). Flores-Midence filed this timely appeal, arguing that the sentence imposed by the district court was substantively unreasonable.

We review the reasonableness of a district court's sentencing decisions for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). We must assure ourselves that a sentence is both procedurally and substantively reasonable. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). When reviewing a sentence for substantive reasonableness, we "take into account the totality of the circumstances." *Gall*, 552 U.S. at 51. We may consider a sentence to be substantively unreasonable if "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). We apply a presumption of reasonableness to a sentence selected from within the properly calculated Guidelines range. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Johnson*, 715 F.3d 179, 183 (6th Cir. 2013).

Flores-Midence argues that the sentence selected by the district court was substantively unreasonable because "the Court placed undue weight on the number of appellant's deportations without giving deference to the language barriers and his lenient treatment in prior situations."

Appellant Br. at 11. When a court "weighs all pertinent factors, a defendant clearly bears a much greater burden in arguing that the court has given an unreasonable amount of weight to any particular one." *United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012) (quotation marks omitted). Flores-Midence fails to meet this burden. The district court explicitly discussed defense counsel's arguments and balanced the relevant sentencing factors, including Flores-Midence's language proficiency and ability to understand the illegality of his conduct, his knowledge of the consequences of his actions, the need to protect the public from his illegal activities, and the need to deter him from continuing illegally to reenter the country. Considering Flores-Midence's pattern of returning to the United States after removal, the district court reasonably gave significant weight to the need to deter him from continuing to do so. *See United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (finding no error when the district court weighed heavily the need to deter a defendant with an extensive history of drug trafficking).

As Flores-Midence's counsel explained during the sentencing hearing, his objection is simply that he "believe[s] that those things [his personal characteristics] ought to have been considered differently than the Court considered it." R. 38 (Sentencing Hr'g Tr. at 28) (Page ID #164). However, a defendant has no basis to appeal a sentence merely because the district court did not balance the relevant § 3553(a) factors in precisely the manner the defendant wished or give him the exact sentence he desired. *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006). The argument that the district court should have weighed a defendant's characteristics differently "is simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the

same sentence." *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006). Flores-Midence has

failed to overcome the presumption that his within-Guidelines sentence is substantively

reasonable. Accordingly, we **AFFIRM** the judgment of the district court.