**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0418n.06

No. 14-4009

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 08, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| ISIDRO TORRES-MONTOYA, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: GIBBONS and COOK, Circuit Judges; MURPHY, District Judge.[*]

PER CURIAM. Isidro Torres-Montoya challenges the substantive reasonableness of his 14-month sentence. We AFFIRM.

Torres-Montoya, a Mexican citizen, pleaded guilty to an information charging him with illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(1). Based on a total offense level of 10 and a criminal history category of III, the district court calculated Torres-Montoya's advisory guidelines range as 10 to 16 months' imprisonment. After considering the sentencing factors under 18 U.S.C. § 3553(a), the court sentenced Torres-Montoya to 14 months' imprisonment.

Torres-Montoya contends that his sentence is substantively unreasonable because the district court considered impermissible factors and gave an unreasonable amount of weight to

---

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

certain factors. We review the substantive reasonableness of Torres-Montoya's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to Torres-Montoya's within-guidelines sentence. *United States v. Ruiz*, 777 F.3d 315, 323 (6th Cir. 2015).

Torres-Montoya argues that the district court gave an unreasonable amount of weight to the number of his five prior removals from the United States. According to Torres-Montoya, his removals were already reflected in his criminal history score. "That a circumstance was addressed in the Guidelines, however, does not prevent the district court from considering it under section 3553(a), so long as the court explains why the circumstance warrants additional weight with regard to that particular defendant's sentence." *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011); *see also Tristan-Madrigal*, 601 F.3d at 636 n.1. Here, the court pointed out that Torres-Montoya's history of repeatedly returning to the United States after removal "demonstrate[d] a complete lack of respect for the courts and the law, and apparently, without any fear of consequences," resulting in "a revolving-door effect." (RE 28, Page ID # 61). The court concluded that "a substantial period of incarceration" was needed "as just punishment to account for the gravity of [Torres-Montoya's] criminal behavior, . . . to protect the

community from further crimes by [him] and deter not only [him] from coming back to this country and to continue to engage in crime, but also as a general deterrence for others who would consider similar behavior." (*Id*. Page ID # 62). The court did not give an unreasonable amount of weight to Torres-Montoya's prior removals. *See United States v. Flores-Midence*, 558 F. App'x 595, 598 (6th Cir. 2014) ("Considering [the defendant's] pattern of returning to the United States after removal, the district court reasonably gave significant weight to the need to deter him from continuing to do so.").

Torres-Montoya also argues that the district court improperly commented on his personal relationships and children born in and out of wedlock. The court made the allegedly improper comments while describing Torres-Montoya's background: "The defendant was once married, and he is divorced. He had one child who is 17 from that marriage, but he has had a number of relationships and has two other minor children from some of these relationships." (RE 28, Page ID # 60-61). The district court is required to consider "the history and characteristics of the defendant" in imposing a sentence. 18 U.S.C. § 3553(a)(1). The case upon which Torres-Montoya relies, *United States v. Barahona-Montenegro*, 565 F.3d 980 (6th Cir. 2009), is thus distinguishable. In that case, the court vacated the defendant's sentence in part because the district court failed to explain adequately the chosen sentence—and "what little explanation the district court did provide referenced irrelevant factors such as the fact that [the defendant] had five children who had been born out of wedlock." *Id*. at 985. In Torres-Montoya's case, the district court provided a thorough explanation for why a 14-month sentence was necessary, referencing several relevant § 3553(a) factors.

Torres-Montoya has not overcome the presumption that his within-guidelines sentence is substantively reasonable. Accordingly, we AFFIRM Torres-Montoya's sentence.