[Cite as *In re J.S.*, 2019-Ohio-35.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: J.S. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 18 CAF 06 0043 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Delaware County
Court of Common Pleas, Juvenile
Division, Case No. 17-10-2336-DL

JUDGMENT:          Affirmed

DATE OF JUDGMENT:          January 8, 2019

APPEARANCES:

For Plaintiff-Appellee

CAROL H. O'BRIEN
Delaware County Prosecuting Attorney

By: KATHERYN L. MUNGER
Assistant Prosecuting Attorney
140 N. Sandusky St. 3rd Fl.
Delaware, Ohio 43015

For Defendant-Appellant

EMMA M. MIRLES-JONES
Barrett, Easterday, Cunningham &
Eselgroth LLP
7259 Sawmill Road
Dublin, Ohio 43016

*Baldwin, J.*

{¶1}    Appellant, J.S. appeals the decision of the Delaware County Court of Common Pleas, Juvenile Division, denying his motions for acquittal and adjudicating him delinquent for disorderly conduct, in violation of R.C. 2917.11(A)(1),   a minor misdemeanor.

### STATEMENT OF FACTS AND THE CASE

{¶2}    Appellant struck another juvenile, M.G., repeatedly while both were on a school bus after school. The bus stopped and, after the school administration spoke with both juveniles, each was charged with disorderly conduct.  M.G. admitted the charges, but appellant entered a plea of denial, was brought to trial and adjudicated delinquent. He now contends the trial court committed several errors and that his conviction should be reversed.

{¶3}    Appellant and M.G. attend Delaware City High School and ride the same bus home from school.  The two have a history of aggravating each other by making comments or, as was the case on October 6, 2017, throwing small things at each other. On October 5, 2017, the day prior to the incident that prompted the charges, appellant took M.G.'s phone and kept it for a short period of time before he returned it.  On the day of the incident, M.G. was determined that it not happen again, and planned to punch appellant if he tried to take anything from M.G.

{¶4}    The confrontation between appellant and M.G. was captured by video cameras installed on the school bus. The witnesses' testimony was helpful to clarify what was said, but otherwise the video provided a clear picture of the conflict between appellant and M.G.  The recording shows M.G. making an effort to insure that appellant sat in the

seat directly across from him, explaining his plan to "rock [appellant's] world" to convince a student to take another seat. M.G.'s plan was successful as appellant entered the bus and took the seat directly across from him. We note that there was some suggestion in the record that all the seats on the bus were full and appellant had no option regarding where he would sit. The video reveals bus seats that could accommodate two people, but which contained only one. Any suggestion that the bus seats were full was obviously more a matter of the student's choice to occupy an entire seat than the lack of seating.

{¶5} Shortly after appellant boarded the bus, M.G. began throwing pieces of a broken mechanical pencil at appellant. Appellant is seen throwing things back at M.G. and it is evident they are speaking to each other. M.G. describes the conversation as "talking crap" and inexplicably considers the comments and the throwing things "friendly." Appellant complained that M.G. was "talking smack" as soon as he got on the bus. M.G. touches appellant's knee once with one finger and then several times with his foot. Appellant picked up something that had been thrown at him and threw it back at M.G. M.G. responded by saying, "do it again and I'll kick your ass." Appellant responded "I'd like to see you try" and at that comment, M.G. stood and moved to the center aisle, reached over with his left hand and smacked appellant in the face, knocking his glasses to the floor. As M.G. straightened from slapping appellant, appellant tackled him into the seat and began punching him in the head repeatedly. M.G.'s sister, seated immediately in front of M.G., began striking appellant, screaming for him to get off her brother. The video recorded other shouts and screams from the other students on the bus. The bus stopped and appellant's younger brother appears in the scene and appellant stops

striking M.G.  Appellant testified it was his brother's voice that prompted him to stop pummeling M.G.  Appellant moved to the front of the bus after the two separated.

{¶6}   A school administrator, Vice Principal Adons Bolden, responded to the scene.  The bus had left the school, so Mr. Bolden beginning running to the stopped bus, then accepted a ride from a student.  When he arrived he saw the bus stopped on the side of the road, but still obstructing traffic.  He entered the bus and removed M.G. and appellant.  The bus continued on its route, now approximately twenty minutes behind its schedule.

{¶7}   Appellant and M.G. returned to the school where they were placed in separate rooms and asked to write a statement about the incident. The school contacted the Delaware Police Department and Officer Jason Carroll responded and filed a report regarding the incident.  M.G. was suspended from school for three days and admitted to a delinquency charge of disorderly conduct.  M.G.'s sister was charged with assault and appellant was charged with a violation of 2917.11(A)(1), disorderly conduct.

{¶8}   The video provided the best evidence in this matter and it was played for the trial court more than once. The witnesses did provide relevant evidence clarifying the comments made by the combatants and some background information, and their testimony was consistent with the event recorded by the camera.  Several of the witnesses expressed their belief that appellant's use of force was not excessive and that he had no other option.  The state objected to such questions on one occasion and the trial court sustained the objection concluding that the proportionality of the force used by appellant was a legal decision to be made by the court.

**{¶9}** Appellant testified on his own behalf and stated his belief that he had no choice but to strike M.G. to stop his assault, especially after M.G. slapped him and knocked his glasses to the floor. He was reluctant to report M.G. to the bus driver because that would have resulted in assigned seats and he believed that changing seats at that time would not have ended the dispute. However, he admitted during his direct testimony that he went overboard when he hit M.G. approximately 20 times and conceded that "I feel like I threw too many punches at him—more than I should have." "More than I needed." (Trial Transcript, p. 198, lines 20-25; p. 199, line 1).

**{¶10}** Appellant and M.G. testified truthfully and honestly and there was little dispute between their stories. M.G. misjudged his impact on appellant and instigated a physical confrontation. Some reaction from appellant may have been inevitable, but even appellant had sufficient insight to see that his reaction was disproportionate and exceeded what was necessary. The trial court congratulated appellant on his honesty and, after analyzing the facts and the law, adjudicated the appellant delinquent for violation of R.C. 2917.11(A)(1), disorderly conduct. Appellant filed objections to the Magistrate's decision and the trial court overruled the objections. Appellant filed a timely notice of appeal and submitted five assignments of error:

**{¶11}** "I. THE MAGISTRATE AND JUDGE ERRED BY FAILING TO ACQUIT THE JUVENILE-APPELLANT [J.S.] OF THE CHARGE OF DISORDERLY CONDUCT, A MINOR MISDEMEANOR, BY IMPROPER RELIANCE ON DICTA REGARDING THE ELEMENT OF "TO ANOTHER" AS STATED IN DISORDERLY CONDUCT §2917.11(A)(1) AND ERRONEOUSLY DEFINING IT TO MEAN AT LEAST ONE OTHER

PERSON IN SOCIETY WHERE THE GENERAL ASSEMBLY HAS REMOVED THE TERM "PUBLIC" FROM THAT STATUTE SUBSECTION."

{¶12} "II. THE REVIEWING COURT ERRED IN IMPOSING A REQUIREMENT THAT THE JUVENILE HAD TO SAY "MAGIC WORDS" IN ORDER TO PRESERVE AN ISSUE FOR REVIEW OF OBJECTIONS AND APPEAL."

{¶13} "III. A. THE TRIAL COURT ERRED IN FAILING TO CONSIDER *STATE V. MILLER* (1980) 67 OHIO APP.2D 127, 426 N.E.2D 497 OR THE 5TH DISTRICT PRECEDENT *STATE V. HOLMES*, 1988 OHIO APP. LEXIS 3532, 1988 WL 88731 (5TH DIST.) IN REFUSING TO DISREGARD TESTIMONY BY POLICE OFFICER WHO DID NOTHING OTHER THAN REPORT TO THE CALL.

B. THE TRIAL COURT ERRED IN FAILING TO CONSIDER *IN RE: F.F.* 2016-0HIO-7695, PROGENY OF *STATE V. MILLER* IN REFUSING TO DISREGARD TESTIMONY BY A VICE PRINCIPAL WHOSE JOB DUTIES INCLUDED BREAKING UP FIGHTS AND WHO HEARD ABOUT THE INCIDENT ON THE SCHOOL BUS VIA A CHAIN OF THIRD PARTIES AND WAS NOT INCONVENIENCED BY THE PRIVILEGE OF HAVING TO DO HIS JOB OF TAKING WITNESS STATEMENTS AS A SCHOOL ADMINISTRATOR."

{¶14} "IV. THE COURT ERRED IN FAILING TO DISREGARD TESTIMONY OF THE INITIAL AGGRESSOR, M.G., PURSUANT TO THE JUVENILE'S RULE 29 MOTION."

{¶15} "V. THE TRIAL COURT ERRED IN IMPOSING AN IMPROPER DUTY TO RETREAT WHERE JUVENILE J.S. WAS SLAPPED IN THE FACE BY M.G. FIRST,

THEN INSTANTLY REACTED BY TACKLING HIM INTO THE SEAT OF A MOVING SCHOOL BUS."

{¶16} Appellant asserts in his first assignment of error that the magistrate and the trial court erred in failing to grant his motion for acquittal as a result of the improper interpretation of the language of R.C. 2917.11(A)(1), specifically, the phrase "to another" and the lack of evidence proving that "another" was inconvenienced, annoyed or alarmed.

> "A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Spaulding*, 151 Ohio St.3d 378, 2016–Ohio–8126, 89 N.E.3d 554, ¶ 164, reconsideration denied, 147 Ohio St.3d 1480, 2016–Ohio–8492, 66 N.E.3d 766, citing *State v. Tenace,* 109 Ohio St.3d 255, 2006–Ohio–2417, 847 N.E.2d 386, ¶ 37. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id., citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

*State v. Heald*, 5th Dist. Richland No. 17CA50, 2018-Ohio-1789, ¶ 17, appeal not allowed, 153 Ohio St.3d 1463, 2018-Ohio-3258, 104 N.E.3d 792.

{¶17} Appellant was charged with a violation of R.C. 2917.11(A)(1):

(A)     No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

(1)     Engaging in fighting, in threatening harm to persons or property, or

in violent or turbulent behavior***.

**{¶18}** The complaint provided additional details:

On date and time noted, [appellant] did; recklessly cause annoyance,

and alarm by engaging in fighting. [Appellant] did so by engaging in a

physical fight after being smacked across the face by another student while

the 2 were passengers on Delaware City School bus #7 that had numerous

other students on board. The driver had to stop the bus to intervein(sic) and

call the vice-principal from Hayes High School to retrieve them.

**{¶19}** Appellant contends that the words "to another" "should be defined exclusively to mean a victim who is within reasonable earshot, line of vision, or sufficiently close to perceive a threat of harm or turbulent behavior," then argues that the victim must testify as to their suffering of inconvenience, annoyance or alarm.  Appellant offers no precedent in support of his argument, but submits a strained argument that cases addressing "inducing panic" (R.C. 2917.31(A)(1)) and "menacing" (R.C. 2903.22) should be relied upon to interpret the meaning of the words "to another" in 2917.11.  Appellant's interpretation is unsupported by the plain language of the statute and relevant precedent.

**{¶20}** The statute requires proof that the appellant recklessly caused "inconvenience, annoyance or alarm" to another as a result of fighting.  The appellant does not dispute that he was reckless and that he engaged in fighting, so the trial court only need determine whether the record contained evidence that "another" was inconvenienced, annoyed or alarmed.  The record reflected that the students on the appellant's bus shouted and one testified that "I was kind of shocked, because usually at

our school and on the bus there's never any fights." M.G.'s sister was alarmed sufficiently to begin striking appellant as she yelled for him to stop striking her brother. Appellant's younger brother came from the front of the bus to his brother's side and asked his brother to "chill." The bus stopped only after appellant retaliated, and the passengers were delayed approximately twenty minutes until the appellant and M.G were removed from the bus. And the record shows that the bus stopped in the middle of the road, inconveniencing all the other drivers on the road who had to find a safe path around the school bus. Mr. Bolden testified that traffic was still affected even when the bus was able to pull to the side. The record provides sufficient evidence for the fact finder to conclude, beyond a reasonable doubt, that "another" was inconvenienced, annoyed or alarmed.

{¶21} Further, we cannot agree with the appellant's definition of "another" in the circumstances of this case as it is too restrictive. We have found that facts showing a delay in loading a bus support a conviction of disorderly conduct, *State v. Walker,* 5th Dist. Stark No. 2013 CA 00204, 2014-Ohio-3693 ¶ 23, and that creating an annoyance that caused a crowd to gather provides evidence to support a finding of guilty. *State v. Thurman*, 5th Dist. Coshocton No. 2015CA0010, 2016-Ohio-3002, ¶ 17. In *City of Fairborn v. Grills*, 2nd Dist. Greene No. 92 CA 92, 1994 WL 247122, *3, the arresting officers testified that the defendant's loud shouting was an annoyance to local residents and the court found that the city offered "sufficient evidence to convince a rational trier of fact beyond a reasonable doubt of each element of the offense of disorderly conduct by making unreasonable noise" without the testimony of the residents. The Eleventh District Court of Appeals found that other members of the crowd were undoubtedly inconvenienced, annoyed or alarmed at appellant's behavior though none testified. *State*

*v. Oree,* 11th Dist. Portage No. 95-P-0078, 1996 WL 205586, *2. Appellant's contention that a victim must come forward to testify about inconvenience, annoyance or alarm is not supported by the language of the statute or relevant precedent. Proof of inconvenience, annoyance or alarm may be demonstrated by the witnesses to the impact of the event on another. In this case the state provided testimony of the students who were at least inconvenienced by the delay in returning home, the testimony of the impact on the drivers who were forced to maneuver around the school bus and the video supporting that one or more of the students were inconvenienced, annoyed or alarmed.

**{¶22}** We find that after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

**{¶23}** Appellant's first assignment of error is overruled.

**{¶24}** In his second assignment of error, appellant asserts that the trial court erred by requiring "magic words" to preserve an issue for review. Appellant claims that by moving for an acquittal, he preserved his argument that the testimony of several witnesses should have been excluded. In support of this assignment, appellant cites to *State v. Clinkscale,* 122 Ohio St.3d 351, 2009-0hio-2746 and *U.S. v. Johnson*, 715 F.3d 179, 184 (6th Cir. 2013). Neither those cases nor the record provide support to appellant's argument.

**{¶25}** Appellant did not object to testimony he now contends should be excluded prior to trial in a motion in limine, during trial by objection, or by a motion to strike the testimony. Appellant moved for an acquittal arguing that the testimony provided by those witnesses did not satisfy the elements of the charge, but he never asked that the

testimony be stricken from the record. Not only did he not object to the testimony, but with regard to one of the witnesses whose testimony he now seeks to exclude, his counsel stated "certainly we would allow for testimony from Officer Carroll, who was present and took a police report. (Trial Transcript, p.211, lines 22-24).

**{¶26}** *Clinksdale* does not rescue the appellant's argument. In that case the appellant's counsel failed to object, but did engage in a lengthy discussion on the record regarding his concern about how a juror was excused from the jury. The appellate court found the explicit reference to that issue was enough to preserve it for appellate review. In the case at bar, appellant cross examined the witnesses and argued that their testimony did not support the charge of disorderly conduct, but he never asked that the court bar, restrict or strike their testimony. The trial court did not impose a burden of using "magic words" but only required a clear and direct statement requesting appellant's desired outcome, the exclusion of testimony. Appellant did not make "it well known that [he] objected" to the admission of the witnesses' testimony as required by Jo*hnson, supra* at 184. Because appellant did not make any statement prior to filing objections to the magistrate's decision that could be interpreted as an objection to the testimony, appellant waived this objection.

**{¶27}** Appellant second assignment of error is overruled.

**{¶28}** Appellant's third and fourth assignments of error are subject to the same analysis applied to the second assignment of error. Appellant contends that the trial court erred in refusing to "discard" the testimony of the police officer, the vice principal and M.G., but appellant offered no objection to their testimony at trial and raises this issue for the first time on appeal.

"It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." *Dolan v. Dolan,* 11th Dist. Nos. 2000–T–0154 and 2001-T–0003, 2002-Ohio-2440 [2002 WL 1012575], at ¶ 7, citing *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." *Nozik v. Kanaga* (Dec. 1, 2000), 11th Dist. No. 99–L–193 [2000 WL 1774136], 2000 Ohio App. LEXIS 5615.

Hadley v. Figley, 5th Dist. No. 15-COA-001, 2015-Ohio-4600, 46 N.E.3d 1129, ¶ 22.

**{¶29}** The trial court, in reviewing the magistrates order was obligated to "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Juv.R. 40(D)(4)(d). It is evident the trial court followed the Rule and insured that the Magistrate applied the law by concluding there was no error in failing to reject this testimony because no objection was made and the record contained nothing from which an objection could be implied. The court went one step further and found that the testimony of the subject witnesses was relevant and admissible, and likely would have been admitted over any objection.

**{¶30}** For the forgoing reasons, we find that the appellant failed to preserve the issue of the "discarding" or "disregarding" of the testimony of the police officer, the vice principal and M.G. for appeal. Appellants' third and fourth assignments of error are overruled.

**{¶31}** In his fifth assignment of error, appellant interprets the decision of the trial court as imposing a duty to retreat which he claims was improper under the circumstances.  Appellant attempted to argue he acted in self-defense, but the video of the conflict and the appellant's testimony lead to a different conclusion.

**{¶32}** To establish self-defense in the use of non-deadly force, the accused must show that: 1) he was not at fault in creating the situation giving rise to the altercation; 2) the accused had reasonable grounds to believe and an honest belief, even though mistaken, that some force was necessary to defend himself against the imminent use of unlawful force; and 3) the force used was not likely to cause death or great bodily harm. *State v. Skidmore*, 5th Dist. Richland No. 16CA80, 2017-Ohio-7031, ¶ 15.

**{¶33}** As to the degree of force that is permitted, the defendant is privileged to use the amount of force that is reasonably necessary to repel the attack. *State v. Williford,* 49 Ohio St. 3d 247, 551 N.E.2d 1279 (1990). However, if the amount of force used is so disproportionate that it shows an "unreasonable purpose to injure," the defense of self-defense is unavailable. *State v. Macklin*, 8th Dist. Cuyahoga No. 94482, 2011–Ohio–87, ¶ 27.

**{¶34}** Appellant's counsel led him to state he feared M.G. would continue to strike him if he did not respond and that M.G. was looming over him after striking him in the face.  The video shows M.G. retreating after he struck appellant and does not support any belief that he intended to  strike appellant again when appellant sprang from his seat, knocked M.G flat in his seat and began beating him.  Appellant himself admitted that he overreacted and threw too many punches.  Assuming arguendo that the evidence demonstrated that appellant had reasonable grounds to believe some force was

necessary to defend himself against the imminent use of force, the force used in the instant case was so disproportionate to the force used by M.G., as to show an unreasonable purpose to injure.

**{¶35}** The trial court analyzed the facts and was looking favorably on the appellant until finding his response was clearly excessive. The magistrate stated "one punch would be in a different situation. I don't even know that that's warranted, but I certainly would be considering this a little different" (Trial Transcript p. 225, lines 20-23). The magistrate understood the circumstances, and found M.G. at fault for creating the situation, but the appellant's reaction was disproportionate, leading the magistrate to correctly decide that self-defense was not proven.

**{¶36}** Appellant's contention that the trial court imposed a duty to retreat is not supported by the magistrate's order or the trial court's entry ruling on the objections. Appellant's fifth assignment of error is overruled.

{¶37} The decision of the Delaware County Court of Common Pleas, Juvenile division is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.