[Cite as *State v. Medlock*, 2014-Ohio-3466.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| ROUSSIEL MEDLOCK | : | Case No. 2014CA00007 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from Canton Municipal Court, Case No. 2013 CRB 3919

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      August 11, 2014

APPEARANCES:

For Plaintiff-Appellee

ANTHONY J. FLEX
Assistant City Prosecutor
218 Cleveland Ave. SW
Canton, OH 44702

For Defendant-Appellant

KIMBERLY L. STOUT
Stark County Public Defender's Office
201 Cleveland Ave. SW, Suite 104
Canton, OH 44702

*Baldwin, J.*

{¶1}   Appellant Roussiel Medlock appeals a judgment of the Canton Municipal Court convicting him of assault (R.C. 2903.13(A)) and sentencing him to 180 days incarceration.  Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}   On September 22, 2013, Jackie Austin, her sister Deborah Anderson, and Chrissie Greenlief went to Nathan's Patio Bar and Grill in Canton, Ohio, at about 10:00 p.m.  Although Deborah was the designated driver for the group, she had several drinks over the course of the evening, and went out to her car to get some water or soda to sober up before driving.

{¶3}   Appellant had been thrown out of the bar earlier for bumping into patrons as if he was looking for a fight.  Appellant did not know Deborah, but he approached her in the parking lot and asked her to take him home.  She declined, explaining that her group was not ready to leave, and she was too drunk to drive.

{¶4}   Jackie Austin was thrown out of the bar for lighting a cigarette.  She saw her sister arguing with appellant in the parking lot, and approached them.  An argument ensued between the three of them because they did not want to give appellant a ride.  As Jackie stepped to the side to go around appellant, she fell out of one of her shoes, which had very high heels.  Appellant lunged at Jackie, she hit him with her shoe, and he struck the side of her face.  Jackie then walked away from appellant because she didn't want to fight with a man.

{¶5}   Deborah continued to argue with appellant.  When the bouncers came out of the bar, and Jackie again approached appellant and her sister.  Appellant said to

Jackie, "What, you want some more? I'll knock you out." Tr. 80. Appellant then punched Jackie in the mouth, loosening her teeth and splitting her lip. A bouncer located at the front door of the bar heard someone say, "Oh my God, he hit her," and opened the door to see appellant "clapping and dancing in the parking lot like he just won something." Tr. 121.

{¶6}    After appellant struck Jackie, Deborah yelled at appellant for hitting a woman and retrieved a crowbar from her car. Appellant said to her, "Yeah, I did it. So what? I'll knock your A out too." Tr. 97-98.

{¶7}    Deputy Craig Kennedy of the Stark County Sheriff's Department arrived in response to a call concerning a fight at the bar. Appellant appeared to be intoxicated when the deputy placed him in the cruiser. Appellant told the deputy that Jackie charged him, and he told her that if she continued he was going to punch her. On the way to the jail, appellant said that he taught Jackie a lesson, and she'll learn not to rush somebody again.

{¶8}    Appellant was charged with one count of assault. The case proceeded to jury trial in the Canton Municipal Court. The jury was instructed on the affirmative defense of self-defense. Appellant was convicted of assault and sentenced to 180 days incarceration. He assigns one error on appeal:

{¶9}    "THE APPELLANT'S CONVICTION FOR ASSAULT IS UNSUPPORTED BY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶10}   In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire

record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶11} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶12} Assault is defined by R.C. 2903.13(A), which states, "No person shall knowingly cause or attempt to cause physical harm to another."

{¶13} Appellant raised the affirmative defense of self-defense. The affirmative defense of self-defense places the burden of proof on a defendant by a preponderance of the evidence. *In re Collier,* 5th Dist. Richland No. 01 CA 5, unreported, 2001 WL 1011457 (Aug. 30, 2001), citing *State v. Caldwell,* 79 Ohio App.3d 667, 679, 607 N.E.2d 1096 (4th Dist.1992). To establish self-defense in the use of non-deadly force, the accused must show that: 1) he was not at fault in creating the situation giving rise to the altercation; 2) the accused had reasonable grounds to believe and an honest belief, even though mistaken, that some force was necessary to defend himself against the imminent use of unlawful force; and 3) the force used was not likely to cause death or great bodily harm. *State v. Hoopingarner,* 5th Dist. Tuscarawas No.2010AP 07 00022,

2010–Ohio–6490, ¶ 31, citing *State v. Vance,* 5th Dist. Ashland No.2007–COA–035, 2008–Ohio–4763, ¶ 77 (citations omitted).

{¶14} There was testimony presented at trial that appellant said to Jackie, "What, you want some more? I'll knock you out." Tr. 80. Appellant then punched Jackie in the mouth, loosening her teeth and splitting her lip. A bouncer located at the front door of the bar heard someone say, "Oh my God, he hit her," and opened the door to see appellant "clapping and dancing in the parking lot like he just won something." Tr. 121. After appellant struck her sister, Deborah yelled at appellant for hitting a woman and retrieved a crowbar from her car. Appellant said to her, "Yeah, I did it. So what? I'll knock your A out too." Tr. 97-98. Appellant told Deputy Craig Kennedy that Jackie charged him, and he warned her that if she continued he was going to punch her. On the way to the jail, appellant said that he taught Jackie a lesson, and she'll learn not to rush somebody again. This evidence is sufficient to support the conviction for assault. Further, the judgment is not against the manifest weight of the evidence.

{¶15} While the jury was instructed on the defense of self-defense, the judgment finding him guilty and rejecting this defense is supported by the evidence and not against the manifest weight of the evidence. While appellant complained to the deputy that Jackie was charging him, he did not claim he believed he had to hit her to defend himself against the imminent use of unlawful force. Rather, he told the deputy he hit her to teach her a lesson. The incident in which she hit him with a shoe took place about ten minutes earlier, and when Jackie approached appellant and Deborah the second time, appellant said to her, "What, you want some more? I'll knock you out." Tr. 80. Further, Deborah testified that Jackie did not do anything to antagonize appellant, and

did not even make it to where he was standing when appellant stepped into Jackie and punched her in the face.  Tr. 96.

{¶16}  The assignment of error is overruled.  The judgment of the Canton Municipal Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.