[Cite as *State v. Skidmore*, 2017-Ohio-7031.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | JUDGES: | |
| | : | Hon. W. Scott Gwin, P.J. | |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. | |
| | : | Hon. Craig R. Baldwin, J. | |
| -vs- | : | | |
| | : | | |
| MICHAEL SKIDMORE | : | Case No. 16CA80 | |
| | : | | |
| Defendant - Appellant | : | O P I N I O N | |

CHARACTER OF PROCEEDING:         Appeal from the Richland County
                                 Court of Common Pleas, Case No.
                                 2015 CR 0664 R

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                July 31, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               WILLIAM NORMAN
Richland County Prosecuting Attorney      11509 Lorain Ave.
                                          Cleveland, Ohio 44111
By: BRAD L. TAMMARO
Senior Assistant Attorney General
Special Prosecuting Attorney
150 E. Gay Street, 16th Fl.
Columbus, Ohio 43215

*Baldwin, J.*

{¶1} Appellant Michael Skidmore appeals a judgment of the Richland County Common Pleas Court convicting him of two counts of assault (R.C. 2903.13), inducing panic (R.C. 2917.31), and obstructing official business (R.C. 2921.31) and sentencing him to an aggregate term of incarceration of 16 months.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} On May 13, 2015, Dave Leitenberger, head of Courthouse Security for Richland County, was notified that someone was filming office personnel in the Clerk of Court's office, making them nervous. He went with another Court Security Officer (CSO) to the clerk's office to investigate.

{¶3} When they arrived, they observed a man at the clerk's window and appellant standing off to his left holding a go-pro camera. Leitenberger asked appellant for his name and asked what he was doing, but appellant did not respond. He asked appellant to stop filming, and appellant failed to respond. Leitenberger placed himself between appellant and the window and touched appellant's shoulder. Appellant asked for his name and badge number. Leitenberger told appellant his name and that he was the head of court security. CSO Mayer told Leitenberger that he would wait with the men until the documents they had requested were produced, and Leitenberger left the area.

{¶4} Appellant requested a meeting with Captain James Sweat of the Richland County Sheriff's Department. The meeting took place on May 26, 2015. Appellant told Cpt. Sweat that he was in an official capacity as a reporter or news media. Appellant asked questions concerning the training, policies and procedures of courthouse security. Regarding the incident of May 13, 2015, appellant told Cpt. Sweat that security had no

right to ask him to leave or to stop recording, and they had no right to contact a deputy. He further indicated that he had been assaulted by courthouse security personnel. Cpt. Sweat noted that nothing on the video of the May 13, 2015 incident demonstrated an assault, but if appellant felt he had been assaulted he could file a police report. Throughout the meeting, appellant referred to courthouse security as "nameless thugs with guns." He asked Cpt. Sweat how the deputies would respond if they received a call that security personnel had been disarmed, rendered unconscious, and placed in handcuffs. When asked who would disarm and handcuff security personnel, appellant responded that it would be the citizens of Richland County, who are the employers of security personnel.

{¶5}   Appellant was part of a group of people who attended a meeting of the Richland County Commissioners on July 9, 2015. A woman in the group pointed out that one of the employees in the room had turned her identification badge around.  The employee stated that the badge flipped over on its own, and turned it around so that her name was visible. Appellant, who was recording the meeting with a camera which was attached to a lanyard around his neck, approached the employee, leaned between her laptop and her body, and photographed her badge at close range. The employee told appellant that his behavior was inappropriate. Although the employee did not recall appellant touching her, one of the commissioners believed appellant had touched the employee.  Commissioner Marilyn John became upset, and told appellant it was inappropriate that he touched a staff member.  Appellant responded that their people have been touching members of the public, which is also inappropriate. An employee then left the meeting to summon court security.

{¶6}     Security guards Tim Norris and Charles Kochis entered the room.  Appellant was seated in a chair, holding his camera out.  Norris approached appellant and grabbed the camera.  Appellant began punching Norris, driving him into a chair against the wall.  As the scuffle continued, Norris's gun fired.  Kochis pulled appellant off Norris, and appellant punched Kochis, bit him on the cheek, and poked him in the eyes.

{¶7}     As a result of the incident, Norris had a split lip, severe bruising and swelling on his face and jaw, and a laceration above his eye.  The contusion of his eye resulted in a tear and breaking away of the retina.  Kochis suffered injuries to his left elbow and forearm, lacerations around his right eye, and a bite to his face.

{¶8}     Appellant was indicted by the Richland County Grand Jury with two counts of felonious assault, two counts of assault, one count of inducing panic, and one count of obstructing official business.  The case proceeded to jury trial.

{¶9}     At trial, appellant presented the testimony of several witnesses who were present at the meeting.  These witnesses testified that Norris grabbed the camera forcefully and yanked the camera while the camera was attached to a lanyard around appellant's neck.   He further presented the testimony of an expert witness who testified that Norris's approach was aggressive and antagonizing, and Norris made a direct grab to the collar area in grabbing for the camera.  Appellant requested a jury instruction on self-defense, which was denied by the trial court.

{¶10}   The jury found appellant not guilty of the two counts of felonious assault, but guilty of the remaining charges.  He was sentenced to an aggregate term of sixteen months incarceration.

{¶11} Appellant assigns a single error on appeal:

{¶12} "THE COURT BELOW ABUSED ITS DISCRETION IN FINDING THAT APPELLANT WAS NOT ENTITLED TO A SELF-DEFENSE INSTRUCTION WHERE THE RECORD CONTAINS VIDEO, TESTIMONIAL, AND EXPERT EVIDENCE DEMONSTRATING THAT DEFENDANT REACTED WITH NON-DEADLY FORCE TO UNLAWFUL TOUCHING AND FORCE OF ANOTHER."

{¶13} Appellant argues that the court erred in failing to instruct the jury on the affirmative defense of self-defense upon his timely request.

{¶14} A trial court must instruct the jury on self-defense only when the defendant presents sufficient evidence at trial to warrant such an instruction. *See State v. Robinson*, 47 Ohio St.2d 103, 110–113, 351 N.E.2d 88 (1976). The trial court should view this evidence in the light most favorable to the defendant and determine, if the evidence is believed, whether it would permit a finding of reasonable doubt as to guilt under the legal test for self-defense. *Id.* When reviewing a court's refusal to give a requested jury instruction, an appellate court considers whether the trial court's refusal to give a requested instruction was an abuse of discretion under the facts and circumstances of the case. *State v. Wolons*, 44 Ohio St.3d 64, 541 N.E.2d 443(1989).

{¶15} To establish self-defense in the use of non-deadly force, the accused must show that: 1) he was not at fault in creating the situation giving rise to the altercation; 2) the accused had reasonable grounds to believe and an honest belief, even though mistaken, that some force was necessary to defend himself against the imminent use of unlawful force; and 3) the force used was not likely to cause death or great bodily harm. *State v. Hoopingarner*, 5th Dist. Tuscarawas No.2010AP 07 00022, 2010–Ohio–6490, ¶ 31, *State v. Medlock*, 5th Dist. Stark No. 2014CA00007, 2014-Ohio-3466, ¶13.

**{¶16}** As to the degree of force that is permitted, the defendant is privileged to use the amount of force that is reasonably necessary to repel the attack. *State v. Williford,* 49 Ohio St. 3d 247, 551 N.E.2d 1279 (1990). However, if the amount of force used is so disproportionate that it shows an "unreasonable purpose to injure," the defense of self-defense is unavailable. *State v. Macklin*, 8th Dist. Cuyahoga No. 94482, 2011-Ohio-87, ¶27.

**{¶17}** In the instant case, the video and testimony demonstrate that upon entering the room, Norris immediately approached appellant and grabbed the camera, which appellant was holding out with one hand. The camera was hanging around appellant's neck on a lanyard. Assuming arguendo that the evidence demonstrated that appellant had reasonable grounds to believe some force was necessary to defend himself against the imminent use of force, the force used in the instant case was so disproportionate to the force used by Norris in grabbing the camera, as to show an unreasonable purpose to injure.

**{¶18}** Norris made no move to punch or harm appellant, yet appellant responded with a flurry of punches, pushing Norris into a chair against the wall. Charles Moran, a special agent for the Ohio Attorney General's office for the Bureau of Criminal Investigation, testified based on his analysis of the video that during the first three seconds from the start of the attack until Norris created a separation between them, appellant struck Norris eight times, and Norris struck appellant zero times. Tr. 250. Appellant then closed the gap between them, and in the next two seconds before Norris's gun fired, appellant struck Norris four times, and Norris again failed to strike appellant. From the point of the muzzle flash of Norris's gun until appellant was pulled off Norris by

Kochis, he struck Norris another ten times.    Appellant then turned on Kochis, punching him eight times in three seconds and biting him on the cheek.  Based on the evidence, the court did not abuse its discretion in denying appellant's request for a jury instruction on self-defense.

{¶19}  The assignment of error is overruled.  The judgment of the Richland County Common Pleas Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.